# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

CIVIL NO. 2:08CV2-T
(2:05CR201-T)

| | |
|---|---|
| GARY DEAN SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed January 2, 2008, and the Respondent's answer and motion for summary judgment filed June 19, 2008. No response to Respondent's motion has been filed by the Petitioner. For the reasons stated below, the Respondent's motion for summary judgment is granted.

## I. FACTUAL AND PROCEDURAL HISTORY

On May 5, 2005, Petitioner was charged by criminal complaint with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g).

**Complaint, filed May 5, 2005**. Thereafter, on May 19, 2005, the Government filed a Bill of Information charging Petitioner with possession of a Mossberg 12-gauge, pump-action shotgun after having been convicted of a felony in violation of 18 U.S.C. § 922(g). **Bill of Information, filed May 19, 2005**. The same date, Petitioner and his court-appointed counsel signed a plea agreement with the Government wherein he agreed to plead guilty to the charge contained in the Bill of Information, admitted he was guilty of the § 922(g) violation, and waived his right to prosecution by indictment. **Plea Agreement, filed May 19, 2005, at 1; Waiver of Indictment, filed May 31, 2005**. Pertinent to Petitioner's § 2255 motion, the plea agreement contained the following provisions:

> The defendant agrees to pay full restitution, regardless of the resulting loss amount, which restitution will be included in the Court's Order of Judgment. The defendant agrees that such restitution will include all victims directly or indirectly harmed by the defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 3663 or 3663A . . . . Defendant also understands that his obligation to make restitution shall last for twenty years after the entry of the judgment, release from imprisonment, or until his death. 18 U.S.C. § 3613.
> . . .
> The defendant . . . agrees to participate in the Inmate Financial Responsibility Program to the extent necessary to fulfill all

> financial obligations due and owing under this agreement and the law.
>
> The defendant agrees to reimburse the United States for the cost of court-appointed counsel and agrees that the Court may include such reimbursement in the Order of Judgment.
>
> . . .
>
> The defendant stipulates that any sentence that falls within the applicable guideline range as determined by the Court and pursuant to any departures from the applicable range as recommended by the government is per se reasonable. The defendant waives any right to contest such a sentence on the basis that the Court's imposition of such sentence was unreasonable or an abuse of its discretion.

**Plea Agreement, ¶¶ 7, 10-11, 19**.

Significantly, Petitioner also waived his right to contest his conviction and/or sentence through appeal or post-conviction action except for claims of ineffective assistance of counsel and prosecutorial misconduct. *Id.* ¶ **18.** Likewise as part of the agreement, Petitioner acknowledged that his failure "to specifically perform or to fulfill completely each and every one of his obligations under [the] Plea Agreement" would constitute a breach of the agreement, thus relieving the United States of its obligations under the agreement. *Id.* ¶¶ **14, 21h, 23.**

On May 31, 2005, Petitioner and his retained counsel appeared before the Magistrate Judge and formally entered his guilty plea. After completing the lengthy Rule 11 colloquy, the Court found that the Petitioner

had entered his plea knowingly and voluntarily and that he understood the charges, potential penalties and consequences of his plea, and accepted Petitioner's plea of guilty.  **See Rule 11 Inquiry and Order of Acceptance of Plea, filed May 31, 2005, at 9.**

A presentence report (PSR) was prepared for Petitioner's sentencing hearing.  The Probation Officer determined that Petitioner's total offense level of 34 combined with a criminal history category of VI, yielded a Guideline range of imprisonment of 262 to 327 months; however, because the statutory maximum imprisonment was ten years, the Guideline range became 120 months.  **Presentence Investigation Report, prepared February 3, 2006, ¶ 99.**  Petitioner did not file any objections to the PSR.

On April 26, 2006, Petitioner appeared with counsel for sentencing.  Petitioner acknowledged he had reviewed the PSR with counsel and understood its contents.  Likewise, counsel confirmed that he had reviewed the PSR with Petitioner and it was his belief that Petitioner understood the PSR.  **See Transcript of Sentencing Hearing, filed May 20, 2008, at 2-3**.  The Court sentenced Petitioner to 120 months imprisonment followed by three years of supervised release.  The Court also ordered Petition to pay to the United States a $100 special assessment, $6,800 in restitution to the

victim, and reimburse the United States for the cost of his court-appointed attorney.¹  *Id.* **at 7-8;** *see also* **Judgment in a Criminal Case, filed May 11, 2006.**

Petitioner filed a *pro se* notice of appeal on May 5, 2006.  Thereafter, the appeal was dismissed pursuant to Petitioner's own motion filed pursuant to Federal Rule of Appellate Procedure 42(b).  **Fourth Circuit Order of Dismissal, filed October 17, 2006.**

On January 2, 2008, Petitioner filed this § 2255 motion.  Petitioner asks the Court to vacate the conditions of his sentence requiring that he pay restitution and reimburse the Government for the cost of his court-appointed attorney.²  Petitioner also contends that his counsel failed to file

---

¹ Reimbursement of counsel fees included only the cost of representation by Mr. Clontz who represented Petitioner prior to him retaining Mr. Stewart.

² Petitioner's motion contains several claims of ineffective assistance of counsel related to Petitioner's restitution provisions in his judgment. Indeed, Petitioner specifically "requests for this court to vacate the conditions of his sentences of imprisonment and supervised release that he pay restitution and reimburse the government for court appointed [attorney] fees." **Motion to Vacate, at 14.**  The relief Petitioner seeks is not cognizable under § 2255.  Indeed, a § 2255 motion may not be used to challenge fines or restitution.  ***Blaik v. United States*, 161 F.3d 1341, 1342 (11ᵗʰ Cir. 1998)**.  "[Section] 2255 cannot be utilized by a federal prisoner who challenges only the restitution portion of his sentence because § 2255 affords relief only to those prisoners who 'claim[] the right

an appeal on his behalf.  The Government filed its response and moved for summary judgment.  **Government's Answer to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed June 19, 2008; Government's Motion for Summary Judgment, filed June 19, 2008.**  Thereafter, Petitioner was afforded the opportunity to respond to the Government's filings.  **See Order, filed June 20, 2008 (citing *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975)).**  To date, Petitioner has filed no such response.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant summary judgment when the pleadings and other relevant documents reveal that "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  ***See, e.g. Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty***

---

to be released' from custody."  ***Id.* at 1343 (quoting *United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995))**.  However, in an abundance of caution and because Petitioner framed his claims as ineffective assistance of counsel claims, which are permitted in a § 2255 motion, the Court will consider Petitioner's claims.

*Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990).

A genuine issue exists only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." **Anderson, 477 U.S. at 248.** However, the party opposing summary judgment may not rest upon mere allegations or denials and, in any event, a "mere existence of a scintilla of evidence" is insufficient to overcome summary judgment. *Id.* at 252.

### III. ANALYSIS

Petitioner claims his counsel was ineffective at sentencing and in failing to perfect an appeal on his behalf.

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, <u>and</u> that he was prejudiced thereby. **Strickland v. Washington, 466 U.S. 668, 687-91 (1984)**. In making this determination, there is a strong presumption that counsel's conduct was within the wide

range of reasonable professional assistance. ***Id.* at 689; *see also Fields v. Attorney Gen. of Md.,* 956 F.2d 1290, 1297-99 (4th Cir. 1992).** If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." ***Id.* at 1297.**

Moreover, a petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea must meet an even higher burden. ***Hill v. Lockhart,* 474 U.S. 52, 53-59 (1985)**. When a petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, the petitioner must show that " 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" ***Hooper v. Garraghty,* 845 F.2d 471, 475 (4th Cir. 1988) (quoting *Hill, supra*, at 59).**

Petitioner contends after his sentencing hearing, he was unsuccessful in attempts to reach counsel by phone. Thereafter, Petitioner wrote counsel a letter on April 29, 2006, requesting that counsel appeal his sentence to the Fourth Circuit Court of Appeals. When Petitioner did not receive a response from counsel concerning his letter, he filed a timely *pro se* notice of appeal. However, he ultimately withdrew his appeal without the advice of counsel.

In response to Petitioner's motion, the Government filed an affidavit from Petitioner's retained counsel, Jack Stewart. Mr. Stewart states that he was retained by the Smith family to represent Petitioner on or about May 19, 2005, at which time Petitioner had already signed his plea agreement. **Exhibit 7, Affidavit of Jack W. Stewart, *attached to Government's Response*, ¶¶ 2, 3.** Mr. Stewart also avers that he appeared with Petitioner at the Rule 11 hearing on May 31, 2005; that between that date and the sentencing hearing on April 26, 2006, he conferred with Petitioner "on more than five occasions and communicated by written letter(s) . . . nine times." *Id.* ¶ 4. Importantly, Mr. Stewart avers that subsequent to Petitioner's sentencing on April 26, 2006, he has had no contact, communication or instructions from Petitioner or his family. *Id.* ¶ 5. Further, Mr. Stewart states that while he learned that Petitioner filed a notice of appeal on or about May 5, 2006, he was never consulted or asked to file an appeal on Petitioner's behalf nor was he consulted or directed to challenge or appeal the restitution provisions of Petitioner's sentence. *Id.* ¶¶ 6, 8.

The Fourth Circuit has held that counsel's failure to pursue an appeal requested by a defendant constitutes ineffective assistance of counsel,

regardless of the likelihood of success on the merits. ***United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993).** Petitioner states that because he did not receive a response to his April 29, 2006, letter directing Mr. Stewart to file a notice of appeal on his behalf, he filed a *pro se* notice of appeal on May 5, 2006. Contrary to Petitioner's assertions, however, Mr. Stewart avers he never received any instructions to file an appeal from the Petitioner. **Stewart Affidavit,** *supra.* Not only did Petitioner not provide the Court with a copy of this alleged request, he failed to file his own affidavit to rebut that filed by the Government.[3]

This claim is more suspect afer review of the Fourth Circuit's docket record of Petitioner's *pro se* appeal. The Fourth Circuit docketed Petitioner's *pro se* notice of appeal on May 17, 2006, and the Clerk sent him a status-of-counsel request, which states in pertinent part:

> Please be aware you have a right to counsel on appeal. If you are indigent, the Court will appoint counsel to represent you. It is to your advantage to have the services of counsel on appeal in order to permit full development of the legal issues through formal briefing of the appeal and representation throughout the proceedings in this Court. Please complete the enclosed

---

[3] The Court notes that Petitioner's memorandum of law in support of his § 2255 motion is signed under the penalties of perjury. **Movant's Opening Brief and Memorandum of Law in Support of Issues Raised in his 28 U.S.C. § 2255 Motion, filed January 2, 2008.**

> Status of Counsel form and return it to this office on or before 6/1/06.

**Letter from Fourth Circuit Clerk to Petitioner, dated May 17, 2006.**

When the Petitioner did not respond to the May 17 notice, the Clerk sent another request on June 27, 2006; when that one was not answered, another notice was sent on August 30, 2006. The last notice is dated September 25, 2006, and the following language was added:

> We enclose *another* status of counsel form for completion and filing in this office on or before 10/10/06. If you fail to file this form, we will assume that you intend to represent yourself and will set the case for informal briefing pursuant to Local Rule 34(b).

**Letter from Fourth Circuit Clerk to Petitioner, dated September 25, 2006 (emphasis added).** Petitioner did not respond to the Court's status-of-counsel letters; instead, he moved to dismiss his appeal pursuant to Federal Rule of Appellate Procedure 42(b). His motion was allowed by Order filed October 17, 2006. As argued by the Government, "[d]ismissal of the appeal was Petitioner's choice, not a denial of [his] right to file an appeal." **Respondent's Response, at 12.** Petitioner has presented no evidence to rebut the Government's affidavit from Mr. Stewart that shows Petitioner did not request counsel file an appeal on his behalf; therefore,

Petitioner's claim of ineffective assistance of counsel on this ground is denied.

Next, Petitioner contends that his sentence was "based solely" on an uncounseled judgment issued against him in case number 05-cv-153 on April 25, 2005, by the Cherokee Tribal Court and that counsel failed to object to the Court's reliance on this judgment in imposing sentence.

Contrary to Petitioner's claim, the Tribal Court judgment Petitioner references had no bearing on his sentence. The judgment is not included as part of Petitioner's criminal history in the PSR. In fact, the only mention of this matter in the report is that Petitioner was directed to pay a total of $6,800 to Mignon Parker in a domestic violence protective order dated April 26, 2005, in the Tribal Court in Cherokee, North Carolina. **Presentence Report, ¶ 15.** Mr. Stewart also avers that he thoroughly reviewed the PSR, especially Petitioner's criminal history, and this judgment was not listed in Petitioner's criminal convictions. **Stewart Affidavit, ¶ 7.** Finally, Petitioner's sentence of 120 months was imposed pursuant to the Sentencing Reform Act of 1984, the Supreme Court's rulings in *United States v. Booker*, 543 U.S. 220 (2005), and after

consideration of the factors noted in 18 U.S.C. § 3553(a).  **Judgment in a Criminal Case,** *supra.*  Therefore, this claim is without merit.

Petitioner contends that his counsel was ineffective in failing to object to the provision of his sentence requiring him to pay restitution to a non-victim of his § 922(g) violation.   This claim is likewise without merit.

Petitioner signed a plea agreement whereby he agreed to pay full restitution to all victims directly or indirectly harmed by his "relevant conduct" by virtue of the § 922(g) violation.  **Plea Agreement,** *supra.*  By signing the plea agreement, Petitioner agreed that failure to specifically fulfill each and every one of his obligations thereunder would constitute a breach of the agreement by Petitioner and would relieve the United States of its obligations under the agreement.  *Id.* ¶¶ **14, 23.**  Therefore, had counsel objected to the restitution provisions of Petitioner's sentence, Petitioner would have breached the plea agreement.

Here, Petitioner's § 922(g) violation arose from a 911 call on March 26, 2005, from Petitioner's girlfriend, Mignon Parker, to the Cherokee Indian Police Department claiming that she has been held captive by Petitioner for four days and that Petitioner had fired shots at her when she tried to escape.  **Presentence Report ¶ 7;** *see also* **Criminal Complaint,**

*supra.* When they arrived on the premises, the officers found Ms. Parker hanging out of a bedroom window of the residence she shared with Petitioner. She reported Petitioner had removed the doorknobs to keep her from escaping. Ms. Parker retrieved a shotgun and a hatchet from inside the house and gave them to the officers who then pried the rear door open in order to free Ms. Parker. During this time, Petitioner was asleep; he was subsequently arrested without incident. *Id.* ¶ **8.**

In connection with Petitioner's sentencing hearing in this case, Ms. Parker submitted a victim impact statement stating that her loss as a result of this offense was $6,800. This amount consisted of $1,800 for unreimbursed property loss and $5,000 miscellaneous. These amounts were ordered under a domestic violence protective order on April 26, 2005, in Tribal Court in Cherokee, North Carolina. **Presentence Report, ¶ 15.**

Moreover, while Petitioner did agree as part of his plea agreement to make restitution to all victims directly or indirectly harmed by his "relevant conduct" to the § 922(g) violation, this Court, pursuant to 18 U.S.C. § 3663A, is required to order that a defendant make restitution to the victim of the offense.

Also in this regard, Petitioner alleges his attorney was ineffective for failing to object to what Petitioner considers "an illegal sentence" because the judgment fails to identify the aggrieved party to whom he must pay restitution and fails to cite the statutory provisions under which the restitution is authorized. The Judgment clearly reflects the statutory authority and the payee for purposes of restitution as Mignon Parker. **Judgment in a Criminal Case, *supra*, at 1, 5a.** Therefore, these claims of ineffective assistance of counsel are denied.

Next, Petitioner alleges his attorney was ineffective for failing to object to what Petitioner alleges to be an illegal delegation of his restitution payment schedule to the Bureau of Prisons. Petitioner claims that instead of the Court establishing the amount of his restitution payments and time of such payments, the Court delegated this responsibility to the Bureau of Prisons in violation of established Fourth Circuit law. **See Petitioner's Memorandum, at 14 (citing *United States v. Miller*, 77 F.3d 71, 77 (4th Cir. 1996))**. Petitioner is incorrect.

The "Schedule of Payments" section of Petitioner's Judgment provides that payments of the restitution shall be made immediately in equal monthly installments of $200 to begin 60 days after release from

imprisonment to a term of supervision. **Judgment in a Criminal Case,** *supra*, **at 5.** The Judgment further provides that if a term of imprisonment is imposed, "payment of criminal monetary penalties shall be due during the period of imprisonment." *Id.* Because the Court set a schedule of monthly payments of $200 per month, the Court satisfied the requirements of *Miller*.[4] **See United States v. DeTemple, 31 F. App'x 237, 238 (4th Cir. 2002).** Therefore, this claim of ineffective assistance is denied.

Lastly, Petitioner alleges his counsel was ineffective for failing to object to the Court's Order that Petitioner reimburse the Government for the cost of his court-appointed attorney. Petitioner contends the Court abused its discretion and exceeded its authority pursuant to 18 U.S.C. § 3583(d). Section 3582(d) provides that a district court may impose conditions on supervised release if they are reasonably related to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D). "Deterrence to criminal conduct" is listed in § 3553(A)(2)(B) as an appropriate factor for consideration. Requiring a defendant to reimburse the Government for the

---

[4] This claim also fails on the grounds that Petitioner agreed to the provision in his plea agreement that provided for his participation in the Inmate Financial Responsibility Program to the extent necessary to fulfill all financial obligations due and owing under the agreement and the law. **Plea Agreement,** *supra*, **¶ 10**.

cost of his court-appointed attorney may deter him from committing another crime. **See United States v. Moore, 139 F.3d 895 (table), 1998 WL 85296, at \*1 n.3 (4th Cir. 1998) (because repayment of court-appointed counsel fees is reasonably related to the goal of deterrence, the Court lawfully imposed reimbursement of court-appointed attorney fees as part of Petitioner's sentence.).** Again, as part of his plea agreement, Petitioner agreed to the provision which provided that the judgment include such reimbursement. **Plea Agreement, supra, ¶ 11.** Not only would counsel's objection to the restitution provisions of Petitioner's sentence be deemed a breach of the plea agreement terms, such objection would have been promptly denied by the Court. Therefore, this ineffective assistance claim is denied as being without merit.

Because the Court's review of the relevant record evidence conclusively shows that Petitioner cannot establish that he received ineffective assistance of counsel, Petitioner's motion is denied, and the second prong of *Strickland* need not be reached.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**. A Judgment dismissing this action is filed herewith.

Signed: August 27, 2008

Lacy H. Thornburg
United States District Judge